**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-6563**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SAMUEL CLINT BLANCHER,

        Defendant – Appellant.

---

**No. 23-6576**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SAMUEL CLINT BLANCHER,

        Defendant – Appellant.

---

Appeals from the United States District Court for the Western District of North Carolina, at Statesville.  Max O. Cogburn, Jr., District Judge.  (5:02-cr-00004-MOC-1; 5:03-cr-00007-MOC-1)

---

Submitted:  February 28, 2025                    Decided:  April 3, 2025

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** John G. Baker, Federal Public Defender, Megan C. Hoffman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant. Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Samuel Clint Blancher appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Upon review, we conclude that the district court did not abuse its discretion in finding Blancher had not established extraordinary and compelling reasons for release.[1] Accordingly, we affirm.

We review for abuse of discretion the district court's denial of compassionate release. *United States v. Centeno-Morales*, 90 F.4th 274, 280 (4th Cir. 2024). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to follow statutory requirements, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Id.* (internal quotation marks omitted). "Under this standard, this [c]ourt may not substitute its judgment for that of the district court." *United States v. Bethea*, 54 F.4th 826, 832 (4th Cir. 2022) (internal quotation marks omitted).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). If these factors are met, then "the district court [may] grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.* "The factors

---

[1] We therefore decline to address the district court's additional finding that the 18 U.S.C. § 3553(a) factors weighed against relief.

3

applicable to the determination of what circumstances can constitute an extraordinary and compelling reason for release from prison are complex and not easily summarized." *United States v. Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022). And when the district court ruled on Blancher's motion, there was not a policy statement applicable to defendant-filed compassionate release motions. *See United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). Accordingly, the district court could "consider any extraordinary and compelling reason for release" that Blancher raised. *Id.* (emphasis omitted).

Here, Blancher primarily argued that he had established extraordinary and compelling reasons for release in light of the substantial disparity between his 188-month sentence and the sentence he would receive if he were resentenced today. This argument was premised on nonretroactive changes to the law that, among other things, meant Blancher would no longer be classified as a career offender. The district court opined that a non-retroactive change to the Sentencing Guidelines could not constitute an extraordinary and compelling reason to grant compassionate release. At the time the district court ruled on Blancher's motion, this was erroneous.[2] *See United States v. Moody*, 115 F.4th 304, 312-13 (4th Cir. 2024).

---

[2] The policy statement that governs compassionate release motions has since been amended to apply to defendant-filed motions. *See* U.S. Sentencing Guidelines Manual § 1B1.13(a), p.s. (2024). The policy statement now specifies that "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." *Id.* § 1B1.13(c), p.s.; *see also id.* § 1B1.13(b)(6).

Nonetheless, we conclude that the district court did not reversibly err. The district court also considered whether a sentencing disparity would exist if Blancher were not classified as a career offender. The district court explained that even if Blancher had not formally been classified as a career offender, in light of Blancher's substantial criminal history, it would have varied or departed upwardly to the career offender range. This analysis was an appropriate approach to resolving a compassionate release motion premised on such an argument. *See Moody*, 115 F.4th at 312-13. Our review of the record leads us to conclude that the district court adequately explained its reasoning and did not abuse its discretion in finding that, in light of the totality of the circumstances, Blancher had not established extraordinary and compelling reasons for his release.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*